### CHARLES P. TILTON v. WILLIAM McLAUGHLAN.

Submitted March 21, 1912—Decided October 11, 1912.

1. An agreement by the seller of mortgaged lands to "reimburse and' pay" to the purchaser thereof the "interest accruing" on the mortgages up to a specified date—*Held*, enforceable though the purchaser had not in fact paid such interest.
2. An agreement by such seller to fill the sold lands up to grade by a certain date, time being of the essence of the contract, and to· pay a stipulated sum per day as liquidated damages for delay in making such fill, upheld as an agreement for liquidated damages..

---

On appeal from the District Court of Atlantic City.

Before Justices TRENCHARD, PARKER and MINTURN.

For the appellant, *William M. Clevenger.*

For the appellee, *Henry W. Lewis.*

The opinion of the court was delivered by

PARKER, J.    The suit was based on two written contracts between the defendant, McLaughlan, and the Marine Trading Company, a corporation, assigned by said company to one Schleyoff, and by him to plaintiff.    McLaughlan appears to have been the owner of certain submerged lands mentioned in the contracts, and in order to promote the sale of such lands by these contracts agreed, among other things, to fill up the lands to grade within a specified time; and failing to do so to pay $3 per day overtime as liquidated damages.    He also agreed to "reimburse" interest on a mortgage.    The suit was to recover for one hundred and twelve days overtime and $75 interest, and there was a judgment for plaintiff, after trial without jury.

The first agreement, dated January 11th, 1911, was modified or superseded by a second, dated February 4th, 1911, which, after reciting the considerations and the character of filling to be done and the territory to be covered, provides as follows:

"And the said party of the first part (McLaughlan), for himself, his heirs, his executors, administrators and assigns, agrees by and with the said party of the second part, its successors or assigns, that he will reimburse and pay to the said party of the second part, its successors or assigns, the interest accruing on the mortgages on said section nine, up to and including June 1st, 1911, or such date prior to June 1st, 1911, as he may be able to complete the filling of both sections nine and ten and all other work referred to herein.    Failing to complete said work by June 1st, 1911, the said party of the first part for himself, his heirs, administrators, executors and assigns, agrees to pay to the said party of the second part, its successors and assigns, the sum of $3 a day for each and every day after said June 1st, 1911, that said work remains uncompleted and until the said work on both sections is completed; and that sum of $3 per day shall be liquidated damages, and that time shall be of the essence of this contract."

The first point urged as error is that the trial court awarded the item of interest on mortgage when it appeared that plaintiff had not paid such interest. From the contract and evidence we gather that the land was sold by McLaughlan unfilled and subject to a mortgage for a definite amount; and that by June 1st, or prior thereto, he was to fill in; and at the time of delivering the land in the complete state there should be no interest accrued and unpaid on the mortgage. In this situation we deem it immaterial to a recovery whether the purchaser or its assignee had actually paid the interest. The word "reimburse" may be inaccurate, but the intent is clear. The agreement is not to reimburse interest paid by the purchaser, but to reimburse and pay the purchaser interest accruing up to the first day of June, or the prior completion of the fill, and thus indemnify the purchaser for interest that must inevitably be paid to lift the mortgage. There was no error in the allowance of this item.

The next point is that the claim of $3 per day was really a penalty and not liquidated damages.

We cannot concur in this view. It is readily conceivable, if not indeed evident, that the lands sold were a more or less speculative property, cut up into blocks and lots and bought for a re-sale in parcels or entire; that prompt re-sale was essential to a profit, and that filling was essential to a re-sale. Hence damage considerable in amount but difficult of estimation, would result from non-fulfillment of the contract to fill. In such case an agreement for liquidated damage is eminently proper, and that the clause in this contract is such is too plain for argument. In this aspect the case is well within the ruling of *Monmouth Park Association* v. *Wallis Iron Works,* 26 *Vroom* 132.

This disposes of all the causes for reversal based on anything in the record of this case.

The judgment will be affirmed.